## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY
378 N. Main Avenue
Tucson, AZ 85701,

> *Plaintiff*,

v.

U.S. DEPARTMENT OF COMMERCE
1401 Constitution Ave., NW
Washington, DC 20230,

U.S. DEPARTMENT OF THE INTERIOR
1849 C Street, NW
Washington, DC 20240,

NATIONAL OCEANIC & ATMOSPHERIC
ADMINISTRATION
1401 Constitution Avenue NW, Room 5128
Washington, DC 20230,

*and*

U.S. FISH & WILDLIFE SERVICE
1849 C Street, NW
Washington, DC 20240,

> *Defendants*.

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

Case No.:

## <u>INTRODUCTION</u>

1.      In this action, the Center for Biological Diversity ("Center") challenges the failure

of Defendants—the U.S. Department of Commerce ("DOC"), U.S. Department of the Interior

("DOI"), National Oceanic and Atmospheric Administration ("NOAA") National Marine

Fisheries Service ("NMFS"), and the U.S. Fish and Wildlife Service ("FWS")—to promptly

provide records concerning the agencies' development of several proposed revisions[1] of the Endangered Species Act's ("ESA"), 16 U.S.C. §§ 1531–1544, implementing regulations in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.      The requested records concern a suite of proposed regulations that would overhaul core components of the ESA's regulatory framework, undertaken in response to President Trump's Executive Orders 14154, *Unleashing American Energy* and 12419, *Ensuring Lawful Governance and Implementing the President's "Department of Government Efficiency" Deregulatory Initiative*, along with Secretary of the Interior's Order 3418, *Unleashing American Energy*. These directives instruct agencies to accelerate resource extraction and serve economic interests without due regard for conservation mandates. If finalized, the rules will likely go into effect in October 2026.

3.      When enacting the ESA in 1973, Congress explicitly found that species "have been rendered extinct as a consequence of economic growth and development untampered by adequate concern and conservation." 16 U.S.C. § 1531(a). In response, the statute provides for the conservation of endangered and threatened species and "a means whereby the ecosystem upon which endangered species and threatened species depend may be conserved." *Id.* § 1531(b).

4.      This is achieved through several, core safeguards. For instance, the ESA requires imperiled species to be formally listed as endangered or threatened, triggering heightened legal

---

[1] Specifically, the Center requested records concerning the following proposed rules from each Defendant: Endangered and Threatened Wildlife and Plants, Regulations for Listing Species and Designating Critical Habitat, RIN 0648-BN70; Endangered and Threatened Wildlife and Plants, Interagency Cooperation Regulations, RIN 0648-BN79; Regulations for Listing Endangered and Threatened Species and Designating Critical Habitat, RIN 1018-BI73; Regulations Pertaining to Endangered and Threatened Wildlife and Plants, RIN 1018-BI74; Endangered and Threatened Wildlife and Plants, Interagency Cooperation, RIN 1018-BI75; and Regulations for Designating Critical Habitat, RIN 1018-BI76.

protections, *id.* § 1533(a)(1), and requires NMFS and FWS (collectively "the Services") to adopt regulations "necessary and advisable . . . for the conservation of [threatened species,]" *id.* § 1533(d). It also requires the Services to designate habitat essential to species' survival and recovery as "critical habitat" concurrent with a species' listing as endangered or threatened. *Id.* §§ 1532; 1533(3)(A). The ESA further mandates federal agencies consult with the Services to ensure that agency actions won't jeopardize listed species or destroy critical habitat. *Id.* § 1536(a)(2). These protections have been fundamental to the ESA's stunning success, as it has prevented the extinction of over 99% of listed species.

5.     The Services' newly proposed rules, however, if implemented, will dismantle essential protections by, amongst other things, inserting economic considerations into the listing process, curtailing critical habitat designations, prohibiting habitat protections for species threatened by climate change, weakening consultation mandates, and removing nearly all protections for newly designated threatened species.

6.     On July 3, 2025, the Center submitted FOIA requests to each Defendant seeking records relating to the development of these proposed rules. The requested records are vital to understanding the basis, rationale, and likely impacts of the agencies' proposed rules. Such information is necessary for meaningful public participation in the rulemaking process. Without timely disclosure, the Center and its members cannot effectively understand or respond to the agencies' proposed rules, thereby undermining FOIA's core purpose of ensuring government transparency and accountability. The Center sent follow up requests concerning the same proposed rules on December 9, 2025.

7.     To streamline and facilitate disclosure before the comment period officially commenced, each of the Center's FOIA requests specified the relevant proposed rules, potential

record custodians, and search terms. The second round of requests also asked that the Center's requests be processed expeditiously given the ongoing rulemaking process. Despite the Center's efforts to submit specific, targeted requests, Defendants have failed to issue timely determinations or estimated dates of completion despite repeated requests. Defendants have also failed to conduct adequate searches for responsive records and to promptly release them.

8.      These failures undermine FOIA's core purpose, as prompt public access to records is necessary to effectuate FOIA's statutory purpose of government transparency and accountability. The need for timely disclosure is especially urgent given the requested records' relevance to an ongoing public rulemaking process.

9.      Accordingly, the Center seeks (1) declaratory relief establishing that Defendants have violated FOIA and (2) injunctive relief directing Defendants to provide the Center with determinations and estimated dates of completion for its requests, to conduct adequate searches for responsive records, and to promptly release all responsive records without further delay.

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgement Act, 28 U.S.C. §§ 2201–2202.

11.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

12.     Declaratory relief is appropriate under 28 U.S.C. § 2201(a).

13.     Injunctive relief is appropriate under 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

14.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with more than 94,000 members headquartered in Tucson, Arizona, with offices throughout the United States, including in Washington, D.C. The Center works through science, law, and policy to maintain and increase protections for air and water; plants, animals, and their native habitats; a livable climate; public lands; and healthy communities. The Center's Endangered Species Program, which submitted the FOIA requests at issue, specifically focuses on advocacy for the protection and recovery of endangered and threatened species and their habitats.

15.     FOIA requires Defendants to search for and promptly produce requested records to the Center. Defendants' failure to do so harms the Center by depriving it of timely information about Defendants' development of the proposed rules. If finalized, the Services' proposed rules will fundamentally alter and weaken regulations that have protected and conserved endangered and threatened species for decades. Timely disclosure is vital to ensure that the Center and its members can understand the development and effects of the proposed rules and meaningfully participate in the public rulemaking process.

16.     Defendants' failure to comply with FOIA also harms the Center's ability to provide complete, accurate, and current information to its members and the public on a matter of public interest. The need for timely disclosure is especially salient given the ongoing public rulemaking process for the proposed rules at issue in the Center's FOIA requests. Absent this information, the Center's mission to protect endangered and threatened species and their habitats is adversely affected. The Center has also been required to expend resources to prosecute this action due to Defendants' failure to comply with FOIA and their failure to adequately respond to

the Center's requests and subsequent administrative appeals. The relief requested will remedy the harms Defendants caused to the Center by compelling timely disclosure of the requested records.

17.    Defendant U.S. DEPARTMENT OF COMMERCE ("DOC") is an agency within the executive branch of the U.S. government tasked with promoting the nation's economic and environmental interests and, through its sub-agency NMFS, shares responsibility for implementing the ESA. DOC is the federal agency that possesses and controls the records the Center seeks and thus is subject to FOIA. *See* 5 U.S.C. § 552(f). As such, DOC is responsible for fulfilling the Center's FOIA requests.

18.    Defendant U.S. DEPARTMENT OF THE INTERIOR ("DOI") is a federal agency tasked with managing federal lands, natural resources, National Parks, wildlife refuges, public lands, and endangered species. DOI is the federal agency that possesses and controls the records the Center seeks and thus is subject to FOIA. *See* 5 U.S.C. § 552(f). As such, DOI is responsible for fulfilling the Center's FOIA requests.

19.    Defendant NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION ("NOAA") is an agency within the U.S. Department of Commerce and, through its subagency NMFS, is tasked with conserving and managing the nation's marine resources for the American people. NMFS is the federal agency charged with implementing the ESA for marine species through listing species as endangered or threatened, designating critical habitat, developing recovery plans, and ensuring federal actions do not jeopardize listed species. *See* 16 U.S.C. §§ 1533, 1536. NOAA is the federal agency that possesses and controls the records the Center seeks and thus is subject to FOIA. *See* 5 U.S.C. § 552(f). As such, NOAA is responsible for fulfilling the Center's FOIA requests.

20.     Defendant U.S. FISH AND WILDLIFE SERVICE ("FWS") is an agency within the Department of the Interior tasked with conserving fish, wildlife, plants, and their habitats for the American people. FWS is the federal agency charged with implementing the ESA for terrestrial and freshwater species through listing species as endangered or threatened, designating critical habitat, developing recovery plans, and ensuring federal actions do not jeopardize listed species. *See* 16 U.S.C. §§ 1533, 1536. FWS is the federal agency that possesses and controls the records the Center seeks and thus is subject to FOIA. *See* 5 U.S.C. § 552(f). As such, FWS is responsible for fulfilling the Center's FOIA requests.

## STATUTORY BACKGROUND

21.     FOIA's primary purpose is to improve government transparency and accountability by requiring the disclosure of agency records and information. It establishes the public's right to access federal agency records, 5 U.S.C. § 552(a), unless one or more narrow statutory exemptions apply, *id*. § 552(b).

22.     Recognizing that the timely disclosure of requested records is essential to fulfilling its purpose, FOIA imposes strict deadlines for agencies to respond to FOIA requests.

23.     Within twenty working days of receiving a request, an agency must (1) determine if it will release requested records and (2) notify the requester of (a) its determination and the reasons therefore, (b) the right to seek assistance from the FOIA Public Liaison, and (c) the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A).

24.     In order to make a lawful "determination," the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the

requester that it can appeal whatever portion of the "determination" is adverse. *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

25.     An agency may extend the twenty working day deadline for an additional ten working days only by giving written notice to the requester that sets forth the "unusual circumstances" that justify an extension, and by providing a date by which the agency expects to make a determination. 5 U.S.C. § 552(a)(6)(B)(i). To invoke such "unusual circumstances," however, the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [twenty working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). When asserting that such unusual circumstances warrant an extension, the agency must make its FOIA Public Liaison available to assist in the resolution of any disputes between the requester and the agency. *Id.*

26.     FOIA requires agencies to process requests on an expedited basis when the requester demonstrates a "compelling need." *Id.* § 552(a)(6)(E)(i)(I). A compelling need exists where there is "urgency to inform the public concerning actual or alleged Federal Government activity," and the request is made by persons "primarily engaged in disseminating information." *Id.* § 552(a)(6)(E)(v). Agencies must determine whether to provide expedited processing within 10 days of receiving the request. *Id.* § 552(a)(6)(E)(ii).

27.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)–(D).

28.     FOIA requires federal agencies to disclose requested records promptly. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

29.     In certain limited instances, records may be withheld pursuant to nine specific

exemptions. *Id*. § 552(b). These exemptions must be narrowly construed in light of FOIA's

dominant objective of disclosure, not secrecy. An agency bears the burden of proof if it claims

any exemption applies to withhold responsive documents. *Id*. §552(a)(4)(B). Even where records

may be exempt from disclosure, FOIA requires agencies to disclose reasonably segregable

portions of those records. *Id*. § 552(d).

30.     When an agency responds to a request before the requester has filed suit, the

requester must administratively appeal a denial and allow the agency at least twenty working

days to adjudicate that appeal. *Id*. § 552(a)(6)(A)(ii); *Oglesby v. U.S. Dep't of the Army*, 920 F.2d

57, 63 (D.C. Cir. 1990). However, when an agency fails to comply with the applicable statutory

time limits for responding to a request, the requester is deemed to have constructively exhausted

administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

31.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding

agency records and to order the production of any agency records improperly withheld from the

complainant." *Id*. § 552(a)(4)(B).

## STATEMENT OF FACTS

### A.  THE CENTER'S JULY 3, 2025 REQUEST TO DOC (DOC-OS-2025-001754)

32.     After receiving information stating that DOC was working on proposed revisions

to the ESA's implementing regulations, on July 3, 2025, the Center submitted a FOIA request to

DOC for records from March 1, 2025, to the date DOC conducts the relevant search, seeking:

> [R]ecords mentioning, discussing, and/or documenting the following proposed
> rules: (1) Department of Commerce/NOAA - "Endangered and Threatened Wildlife
> and Plants; Regulations for Listing Species and Designating Critical Habitat", RIN
> 0648-BN70; 2. Department of Commerce/NOAA – "Endangered and Threatened
> Wildlife and Plants; Interagency Cooperation Regulations", RIN 0648-BN79; 3.
> Department of Interior/FWS – "Regulations for Listing Endangered and Threatened

Species and Designating Critical Habitat", RIN 1018-BI73; 4. Department of Interior/FWS – "Regulations Pertaining to Endangered and Threatened Wildlife and Plants", RIN 1018-BI74; 5. Department of Interior/FWS – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation", RIN 1018-BI75; and 6. Department of Interior/FWS – "Regulations for Designating Critical Habitat" RIN 1018- BI76. Record custodians include but are not limited to: Howard Lutnick, Secretary of Commerce; Paul M. Dabbar, Deputy Secretary of Commerce; and Jeffrey Kessler, Under Secretary. Search terms include but are not limited to: Endangered species; Threatened species; Critical habitat; Section 7; Section 4; Consultation; Listing; Delisting; Blanket 4(D) Rule; and Exclusions.

33.     That same day, DOC sent the Center two emails confirming receipt of the FOIA request and assigned it the tracking number DOC-OS-2025-001754.

34.     On July 10, 2025, DOC sent the Center a letter acknowledging the FOIA request and furthering stating it "will not be able to respond within the 20 days provided by the statute due to 'unusual circumstances'" including "the need to search for and collect the requested records … from facilities or other establishments that are separate from this Office."

35.     After hearing nothing further from DOC, the Center sought status updates on its request on August 26, 2025, September 10, 2025, and November 20, 2025. The agency replied on November 24, 2025, stating "We have completed our searches and are in the final stages of processing your request. A final response will be provided to you as soon as possible. We appreciate your patience as we work through a backlog of requests." DOC, however, did not provide a date on which it would provide a final response.

36.     In the hopes of receiving the statutorily guaranteed disclosures without resorting to litigation, on December 9, 2025, the Center submitted an appeal letter to the FOIA Appeals Office at DOC seeking review of DOC's constructive denial of the Center's July 3, 2025 FOIA request. In that appeal, the Center explained that DOC had constructively denied the Center's request "by failing to provide responsive records by the proposed deadline, failing to produce

partial releases, and failing to provide an updated estimated date of completion." DOC acknowledged receipt of the appeal on December 12, 2025.

37.    As of the date of this filing, DOC has made no further communications with the Center regarding this request or the Center's appeal.

38.    As of the date of this filing, 139 working days have passed since DOC received the Center's July 3, 2025 FOIA request. This is past the thirty working day deadline required under FOIA. 5 U.S.C. § 552(a)(6)(B)(i). Additionally, more than twenty working days have passed since the Center submitted its appeal to DOC.

39.    As of the date of this filing, DOC has not provided a lawful determination to the Center describing the scope of the records DOC intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A) or 5 U.S.C. § 552(a)(6)(B). It has also not provided an estimated date on which the agency will complete action on the request. *Id.* § 552(a)(7)(B)(ii).

40.    As of the date of this filing, DOC has not disclosed any records to the Center pursuant to its July 3, 2025 FOIA request.

41.    As of the date of this filing, DOC has not requested additional information from the Center, notified the Center of any lawful circumstances that prevent DOC from complying with FOIA's deadline for a determination and prompt release of responsive records, or provided a date by which it expects to make a determination on the Center's July 3, 2025 FOIA request. *Id.* § 552(a)(6)(A)–(B). DOC has also not disclosed search terms sufficient to show that the agency performed an adequate search.

## B. **THE CENTER'S JULY 3, 2025 REQUEST TO FWS (DOI-2025-007830)**

42.    After receiving information stating that FWS was working on proposed revisions

to the ESA's implementing regulations, on July 3, 2025, the Center submitted a FOIA request to

FWS for records from March 1, 2025, to the date FWS conducts the relevant search, seeking:

> [R]ecords mentioning, discussing, and/or documenting the following proposed
> rules: (1) Department of Commerce/NOAA - "Endangered and Threatened Wildlife
> and Plants; Regulations for Listing Species and Designating Critical Habitat", RIN
> 0648-BN70; (2) Department of Commerce/NOAA – "Endangered and Threatened
> Wildlife and Plants; Interagency Cooperation Regulations", RIN 0648-BN79; (3)
> Department of Interior/FWS – "Regulations for Listing Endangered and Threatened
> Species and Designating Critical Habitat", RIN 1018-BI73; (4) Department of
> Interior/FWS – "Regulations Pertaining to Endangered and Threatened Wildlife
> and Plants", RIN 1018-BI74; (5) Department of Interior/FWS – "Endangered and
> Threatened Wildlife and Plants; Interagency Cooperation", RIN 1018-BI75; and (6)
> Department of Interior/FWS – "Regulations for Designating Critical Habitat" RIN
> 1018-BI76. Record custodians include but are not limited to: Paul Souza, Acting
> Director for FWS; Steve Chase, Acting Deputy Director for Program Management
> and Policy; Dave Miko, Acting Deputy Director for Operations; Joshua W.D.
> Coursey, Senior Advisor to the Director of FWS; David McDonald, Chief of Staff;
> and Gina Shultz, Acting Assistant Director of Ecological Services. Search terms
> include but are not limited to: Endangered species; Threatened species; Critical
> habitat; Section 7; Section 4; Consultation; Listing; Delisting; Blanket 4(D) Rule;
> and Exclusions.

43.    That same day, FWS sent the Center an email confirming receipt of the

FOIA request and assigned it the tracking number DOI-2025-007830.

44.    On July 28, 2025, FWS sent the Center an email seeking to narrow the parameters

of the search for the FOIA request. The Center responded the same day with suggestions to

narrow the search, and FWS responded that it would check and see if this narrowed the scope of

the search.

45.    On August 5, 2025, FWS sent the Center an email acknowledging the Center's

FOIA request and indicating that the agency placed it on the "complex" track with an estimated

date of completion of September 30, 2025. In a follow up email, FWS stated the reason for

the "complex" processing track was due to the number of records appearing in the search.

46.     After hearing nothing further from FWS, and after the September 30 expected completion date had passed, the Center sent the agency an email on November 20, 2025, requesting a status update. The following day, FWS replied that it was "in the process of reviewing records for this request for responsiveness" and that it would "provide a more accurate anticipated release estimate within the next week." On December 5, 2025, the Center sent the agency an email requesting another status update.

47.     On December 9, 2025—107 business days after the Center submitted its FOIA request—the Center appealed FWS's constructive denial of the request.

48.     As of the date of this filing, FWS has made no further communications with the Center regarding this request or its appeal.

49.     As of the date of this filing, 139 working days have passed since FWS received the Center's July 3, 2025 request. This is past the twenty working day deadline required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Additionally, more than twenty working days have passed since the Center submitted its appeal to FWS. It has also not provided an estimated date on which the agency will complete action on the request. *Id.* § 552(a)(7)(B)(ii).

50.     As of the date of this filing, FWS has not provided a lawful determination to the Center describing the scope of the records FWS intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A) or 5 U.S.C. § 552(a)(6)(B).

51.     As of the date of this filing, FWS has not disclosed any records to the Center pursuant to its July 3, 2025 FOIA request.

52.     As of the date of this filing, FWS has not met their September 30, 2025 expected date of completion, notified the Center of any lawful circumstances that prevent FWS from complying with FOIA's deadline for a determination and prompt release of responsive records, or provided a new date by which it expects to make a determination on the Center's July 3, 2025 FOIA request. *Id.* § 552(a)(6)(A)–(B). FWS has also not disclosed search terms sufficient to show that the agency performed an adequate search.

C.  **THE CENTER'S JULY 3, 2025 REQUEST TO NOAA (NOAA-2025-001488)**

53.     After receiving information stating that NOAA was working on proposed revisions to the ESA's implementing regulations, on July 3, 2025, the Center submitted a FOIA request to NOAA for records from March 1, 2025, to the date NOAA conducts the relevant search, seeking:

> [R]ecords mentioning, discussing, and/or documenting the following proposed rules: (1) Department of Commerce/NOAA - "Endangered and Threatened Wildlife and Plants; Regulations for Listing Species and Designating Critical Habitat", RIN 0648-BN70; (2) Department of Commerce/NOAA – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation Regulations", RIN 0648-BN79; (3) Department of Interior/FWS – "Regulations for Listing Endangered and Threatened Species and Designating Critical Habitat", RIN 1018-BI73; (4) Department of Interior/FWS – "Regulations Pertaining to Endangered and Threatened Wildlife and Plants", RIN 1018-BI74; (5) Department of Interior/FWS – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation", RIN 1018-BI75; and (6) Department of Interior/FWS – "Regulations for Designating Critical Habitat" RIN 1018-BI76. Record custodians include but are not limited to: Kimberly Damon-Randall, Director of Office of Protected Resources ("OPR"); Shannon Bettridge, Acting Deputy Director, OPR; Angela Somma, Division Chief, Endangered Species Conservation, OPR; Tanya Dobryznski, Division Chief, ESA Interagency Cooperation, OPR; and Jolie Harrison, Division Chief, Permits and Conservation, OPR. Search terms include but are not limited to: Endangered species; Threatened species; Critical habitat; Section 7; Section 4; Consultation; Listing; Delisting; Blanket 4(D) Rule; and Exclusions.

54.     That same day, NOAA sent the Center two emails confirming receipt of the FOIA request and assigned it the tracking number NOAA-2025-001488.

55.     On July 7, 2025, NOAA sent the Center a letter indicating that the agency had granted the Center's fee waiver request. That same day, the agency sent the Center a letter stating it was invoking the ten-business day extension for unusual circumstances "[d]ue to the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records; and/or the need for consultation." The letter further stated the agency "anticipate[s] responding to your request by 08/18/2025."

56.     After hearing nothing further from NOAA, on August 19, 2025, the Center sent the agency an email seeking a status update. That same day, NOAA sent the Center an email stating it was "continuing to process" the FOIA request and that "General Counsel review is required and will take additional time." NOAA did not provide a new estimated date of completion or a date on which it would make a determination on the Center's FOIA request.

57.     The Center requested another status update on September 2, and NOAA provided essentially the same response, stating that it was "continuing to process" the request and that it was under review with General Counsel.

58.     The Center again sent status update requests on September 18 and on November 14, 2025, and NOAA continued to state that the request was pending General Counsel review.

59.     The Center reached out to the agency for an update on November 20 and asked how much longer the review process would take. NOAA responded, stating it checked with General Counsel and "hopefully we'll get something back to you soon."

60.     The Center again reached out to the agency for an update on December 5, 2025.

61.     On December 9, 2025—107 business days after the Center submitted its FOIA request—the Center appealed NOAA's constructive denial of the request. The agency acknowledged receipt of the appeal on December 12.

62.     As of the date of this filing, NOAA has made no further communications with the Center regarding this request.

63.     As of the date of this filing, 139 working days have passed since NOAA received the Center's July 3, 2025, request. This is past the thirty working day deadline required by FOIA. 5 U.S.C. § 552(a)(6)(B)(i). Additionally, more than twenty working days have passed since the Center submitted its appeal to NOAA.

64.     As of the date of this filing, NOAA has not provided a lawful determination to the Center describing the scope of the records NOAA intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A) or 5 U.S.C. § 552(a)(6)(B). It has also not provided an estimated date on which the agency will complete action on the request. *Id.* § 552(a)(7)(B)(ii).

65.     As of the date of this filing, NOAA has not disclosed any records to the Center pursuant to its July 3, 2025 FOIA request.

66.     As of the date of this filing, NOAA has not requested additional information from the Center, notified the Center of any lawful circumstances that prevent NOAA from complying with FOIA's deadline for a determination and prompt release of responsive records, met its August 18, 2025 estimated date of completion, or provided a new date by which it expects to make a determination on the Center's July 3, 2025 FOIA request. *Id.* § 552(a)(6)(A)–(B). NOAA has also not disclosed search terms sufficient to show that the agency performed an adequate search.

### D. **THE CENTER'S JULY 3, 2025 REQUEST TO DOI (DOI-2025-007831)**

67.     After receiving information stating that DOI was working on proposed revisions to the ESA's implementing regulations, on July 3, 2025, the Center submitted a FOIA request to DOI's Office of the Secretary for records from March 1, 2025, to the date DOI conducts the relevant search, seeking:

> [R]ecords mentioning, discussing, and/or documenting the following proposed rules: (1) Department of Commerce/NOAA - "Endangered and Threatened Wildlife and Plants; Regulations for Listing Species and Designating Critical Habitat", RIN 0648-BN70; (2) Department of Commerce/NOAA – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation Regulations", RIN 0648-BN79; (3) Department of Interior/FWS – "Regulations for Listing Endangered and Threatened Species and Designating Critical Habitat", RIN 1018-BI73; (4) Department of Interior/FWS – "Regulations Pertaining to Endangered and Threatened Wildlife and Plants", RIN 1018-BI74; (5) Department of Interior/FWS – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation", RIN 1018-BI75; and (6) Department of Interior/FWS – "Regulations for Designating Critical Habitat" RIN 1018-BI76. Record custodians include but are not limited to: Doug Burgum, Secretary of Interior; Katharine MacGregor, Deputy Secretary of Interior; and Gregory Zerzan, Acting Solicitor. Search terms include but are not limited to: Endangered species; Threatened species; Critical habitat; Section 7; Section 4; Consultation; Listing; Delisting; Blanket 4(D) Rule; and Exclusions.

68.     That same day, DOI sent the Center an email confirming receipt of the FOIA request and assigned it the tracking number DOI-2025-007831.

69.     On July 18, 2025, DOI sent the Center a letter acknowledging the FOIA request, stating the request "falls into the 'Complex' processing track," and invoking the 10-workday unusual circumstances extension due to needing to "collect requested records from field facilities or other units that are separate from the office processing the request."

70.     After hearing nothing further from DOI, on August 27, 2025, the Center sent the agency an email requesting a status update. That same day, DOI sent the Center an email stating that it was re-running the search and "[s]hould have the results soon and [would] be able to give [the Center] a better idea of actual document number/page count."

71.     After hearing nothing further from DOI, the Center sent the agency an email requesting a status update on December 5, 2025.

72.     On December 9, 2025—107 business days after the Center submitted its FOIA request—the Center appealed FWS's constructive denial of the request.

73.     The next day, DOI responded to the Center's December 5 email stating the estimated date of completion is June 30, 2026—nearly a year to the day from when the Center submitted its request.

74.     In the same letter, DOI sought to confirm whether the Center is seeking substantive mentions or mere mentions of the proposed rules. On December 15, 2025, the Center replied, seeking clarification on what counts as "substantive." After hearing nothing from DOI, the Center followed up on December 18 and December 29. On December 29, 2025, OS responded with examples. On January 8, the Center responded to clarify its request.

75.     As of the date of this filing, DOI has made no further communications with the Center regarding this request nor the status of the Center's appeal.

76.     As of the date of this filing, 139 working days have passed since DOI received the Center's July 3, 2025, request. This is past the thirty working day deadline required by FOIA. 5 U.S.C. § 552(a)(6)(B)(i). Additionally, more than twenty working days have passed since the Center submitted its appeal to DOI.

77.     As of the date of this filing, DOI has not provided a lawful determination to the Center describing the scope of the records DOI intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A) or 5 U.S.C. § 552(a)(6)(B). Additionally, DOI has not adequately justified the June 30, 2026 estimated date of

completion in violation of FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Under this proposed timeline, DOI would fulfil the Center's July 3 request only after 244 working days—nearly a calendar year—in violation of FOIA's statutory deadlines and its requirement to promptly produce responsive records.

78.     As of the date of this filing, DOI has not disclosed any records to the Center pursuant to its July 3, 2025 FOIA request.

79.     As of the date of this filing, DOI has not requested additional information from the Center or notified the Center of any lawful circumstances that prevent DOI from complying with FOIA's deadline for a determination and prompt release of responsive records in response to the Center's July 3, 2025 FOIA request. *Id.* § 552(a)(6)(A)–(B). DOI has also not disclosed search terms sufficient to show that the agency performed an adequate search.

E.  **THE CENTER'S DECEMBER 9, 2025 REQUEST TO DOC (DOC-OS-2026-000840)**

80.     Following the publication of Defendants' proposed rules on November 21, 2025, on December 9, 2025, the Center submitted a follow up FOIA request to DOC for records from July 3, 2025, to the date DOC conducts the relevant search, seeking:

> [R]ecords mentioning, discussing, and/or documenting the following proposed rules: 1. Department of Commerce/NOAA - "Endangered and Threatened Wildlife and Plants; Regulations for Listing Species and Designating Critical Habitat", RIN 0648-BN70; 2. Department of Commerce/NOAA – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation Regulations", RIN 0648-BN79; 3. Department of Interior/FWS – "Regulations for Listing Endangered and Threatened Species and Designating Critical Habitat", RIN 1018-BI73; 4. Department of Interior/FWS – "Regulations Pertaining to Endangered and Threatened Wildlife and Plants", RIN 1018-BI74; 5. Department of Interior/FWS – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation", RIN 1018-BI75; and 6. Department of Interior/FWS – "Regulations for Designating Critical Habitat" RIN 1018-BI76.

81.     Additionally, the request asked that the release of communications with non-federal agency third parties be prioritized. The request included named record custodians and

search terms. Expedited processing was requested given the records' relevance to ongoing rulemaking.

82.     The same day, DOC confirmed receipt of the request and assigned it the tracking number DOC-OS-2026-000840.

83.     As of the date of this filing, DOC has made no further communications with the Center regarding this request.

84.     As of the date of this filing, more than twenty working days have passed since DOC received the Center's December 9, 2025 request.

85.     As of the date of this filing, DOC has not provided a lawful determination to the Center describing the scope of the records DOC intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A) or 5 U.S.C. § 552(a)(6)(B). It has also not provided an estimated date on which the agency will complete action on the request. *Id.* § 552(a)(7)(B)(ii).

86.     As of the date of this filing, DOC has not disclosed any records to the Center pursuant to its December 9, 2025 FOIA request.

87.     As of the date of this filing, DOC has not requested additional information from the Center, notified the Center of any lawful circumstances that prevent DOC from complying with FOIA's deadline for a determination and prompt release of responsive records, or provided a date by which it expects to make a determination on the Center's December 9, 2025 FOIA request. *Id.* § 552(a)(6)(A)–(B). DOC has also not disclosed search terms sufficient to show that the agency performed an adequate search.

### F.  THE CENTER'S DECEMBER 9, 2025 REQUEST TO FWS (DOI-2026-002460)

88.     Following the publication of Defendants' proposed rules on November 21, 2025, on December 9, 2025, the Center submitted a follow up FOIA request to FWS for records from July 3, 2025, to the date FWS conducts the relevant search, seeking:

> [R]ecords mentioning, discussing, and/or documenting the following proposed rules: 1. Department of Commerce/NOAA - "Endangered and Threatened Wildlife and Plants; Regulations for Listing Species and Designating Critical Habitat", RIN 0648-BN70; 2. Department of Commerce/NOAA – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation Regulations", RIN 0648-BN79; 3. Department of Interior/FWS – "Regulations for Listing Endangered and Threatened Species and Designating Critical Habitat", RIN 1018-BI73; 4. Department of Interior/FWS – "Regulations Pertaining to Endangered and Threatened Wildlife and Plants", RIN 1018-BI74; 5. Department of Interior/FWS – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation", RIN 1018-BI75; and 6. Department of Interior/FWS – "Regulations for Designating Critical Habitat" RIN 1018-BI76.

89.     Additionally, the request asked that the release of communications with non-federal agency third parties be prioritized. The request included named record custodians and search terms. Expedited processing was requested given the records' relevance to ongoing rulemaking.

90.     The same day, FWS confirmed receipt of the request and assigned it the tracking number DOI-2026-002460.

91.     On December 12, 2025, FWS wrote to the Center stating the request "falls into the Complex processing track" and the agency expects to dispatch a determination by August 14, 2026, effectively denying the Center's request for expedited processing.

92.     As of the date of this filing, FWS has made no further communications with the Center regarding this request.

93.     As of the date of this filing, more than twenty working days have passed since FWS received the Center's December 9, 2025 request.

94.     As of the date of this filing, FWS has not provided a lawful determination to the Center describing the scope of the records FWS intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A) or 5 U.S.C. § 552(a)(6)(B). It has also not provided an estimated date on which the agency will complete action on the request. *Id.* § 552(a)(7)(B)(ii).

95.     As of the date of this filing, FWS has not disclosed any records to the Center pursuant to its December 9, 2025 FOIA request.

96.     As of the date of this filing, FWS has not requested additional information from the Center, or notified the Center of any lawful circumstances that prevent FWS from complying with FOIA's deadline for a determination and prompt release of responsive records. *Id.* § 552(a)(6)(A)–(B). FWS has also not disclosed search terms sufficient to show that the agency performed an adequate search.

### G.  THE CENTER'S DECEMBER 9, 2025 REQUEST TO NOAA (DOC-NOAA-2026-000766)

97.     Following the publication of Defendants' proposed rules on November 21, 2025, on December 9, 2025, the Center submitted a follow up FOIA request to NOAA for records from July 3, 2025, to the date NOAA conducts the relevant search, seeking:

> [R]ecords mentioning, discussing, and/or documenting the following proposed rules: 1. Department of Commerce/NOAA - "Endangered and Threatened Wildlife and Plants; Regulations for Listing Species and Designating Critical Habitat", RIN 0648-BN70; 2. Department of Commerce/NOAA – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation Regulations", RIN 0648-BN79; 3. Department of Interior/FWS – "Regulations for Listing Endangered and Threatened Species and Designating Critical Habitat", RIN 1018-BI73; 4. Department of Interior/FWS – "Regulations Pertaining to Endangered and Threatened Wildlife and Plants", RIN 1018-BI74; 5. Department of Interior/FWS – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation", RIN 1018-BI75; and 6. Department of Interior/FWS – "Regulations for Designating Critical Habitat" RIN 1018-BI76.

98.    Additionally, the request asked that the release of communications with non-federal agency third parties be prioritized. The request included named record custodians and search terms. Expedited processing was requested given the records' relevance to ongoing rulemaking.

99.    The same day, NOAA confirmed receipt of the request and assigned it the tracking number DOC-NOAA-2026-000766.

100.    Additionally, NOAA invoked the unusual circumstances ten business day extension due to the volume of requested records and the need for consultation with another component or Federal agency having a substantial interest in the determination. The agency stated that it anticipated responding by January 23, 2026, but did not clarify if this was the date by which it would make a determination on the Center's request or the estimated date of completion for the release of records responsive to the Center's request.

101.    The same day, NOAA denied the Center's request for expedited processing.

102.    On December 12, 2025, NOAA sent the Center another acknowledgment letter and reiterated that it anticipates responding to the Center's request by January 23, 2026. Again, it did not clarify if this was the date by which it would make a determination on the Center's request or the estimated date of completion for the release of records responsive to the Center's request. As of January 28, 2026, NOAA has not provided a response to the Center's request.

103.    As of the date of this filing, NOAA has made no further communications with the Center regarding this request.

104.    As of the date of this filing, more than 30 working days have passed since NOAA received the Center's December 9, 2025 request.

105.    As of the date of this filing, NOAA has not provided a lawful determination to the Center describing the scope of the records NOAA intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A) or 5 U.S.C. § 552(a)(6)(B). It has also not provided an estimated date on which the agency will complete action on the request. *Id.* § 552(a)(7)(B)(ii).

106.    As of the date of this filing, NOAA has not disclosed any records to the Center pursuant to its December 9, 2025 FOIA request.

107.    As of the date of this filing, NOAA has not requested additional information from the Center or notified the Center of any lawful circumstances that prevent NOAA from complying with FOIA's deadline for a determination and prompt release of responsive records. NOAA has also not disclosed search terms sufficient to show that the agency performed an adequate search.

## H.  THE CENTER'S DECEMBER 9, 2025 REQUEST TO DOI (DOI-2026-002461)

108.    Following the publication of Defendants' proposed rules on November 21, 2025, on December 9, 2025, the Center submitted a follow up FOIA request to DOI for records from July 3, 2025, to the date DOI conducts the relevant search, seeking:

> [R]ecords mentioning, discussing, and/or documenting the following proposed rules: 1. Department of Commerce/NOAA - "Endangered and Threatened Wildlife and Plants; Regulations for Listing Species and Designating Critical Habitat", RIN 0648-BN70; 2. Department of Commerce/NOAA – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation Regulations", RIN 0648-BN79; 3. Department of Interior/FWS – "Regulations for Listing Endangered and Threatened Species and Designating Critical Habitat", RIN 1018-BI73; 4. Department of Interior/FWS – "Regulations Pertaining to Endangered and Threatened Wildlife and Plants", RIN 1018-BI74; 5. Department of Interior/FWS – "Endangered and Threatened Wildlife and Plants; Interagency Cooperation", RIN 1018-BI75; and 6. Department of Interior/FWS – "Regulations for Designating Critical Habitat" RIN 1018-BI76.

109.    Additionally, the request asked that communications with non-federal agency third parties be prioritized for release. The request also named record custodians and listed search terms. Expedited processing was requested given the records' relevance to ongoing rulemaking.

110.    The same day, DOI confirmed receipt of the request and assigned it the tracking number DOI-2026-002461.

111.    On December 15, 2025, DOI denied the Center's request for expedited processing, assigned it to the complex processing track, and invoked the unusual circumstances ten business day extension. The letter included an interim response that DOI's Office of the Secretary "has no records responsive to your request pertaining to Gregory Zerzan."

112.    As of the date of this filing, DOI has made no further communications with the Center regarding this request.

113.    As of the date of this filing, more than 30 working days have passed since DOI received the Center's December 9, 2025 request.

114.    As of the date of this filing, DOI has not provided a lawful determination to the Center describing the scope of the records DOI intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A) or 5 U.S.C. § 552(a)(6)(B). It has also not provided an estimated date on which the agency will complete action on the request. *Id.* § 552(a)(7)(B)(ii).

115.    As of the date of this filing, DOI has not disclosed any records to the Center pursuant to its December 9, 2025 FOIA request.

116.    As of the date of this filing, apart from notifying the Center that it has no records pertaining to Gregory Zerzan, DOI has not requested additional information from the Center,

25

notified the Center of any lawful circumstances that prevent DOC from complying with FOIA's deadline for a determination and prompt release of responsive records, or provided a date by which it expects to make a determination on the Center's December 9, 2025 FOIA request. *Id.* § 552(a)(6)(A)–(B). DOI has also not disclosed search terms sufficient to show that the agency performed an adequate search.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Department of Commerce: Violation of the Freedom of Information Act

117.    Plaintiff re-alleges and incorporates by reference all allegations made in all preceding paragraphs.

118.    DOC has violated the Center's statutory right to lawful and timely determinations on the Center's July 3 and December 9, 2025 requests. 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i).

119.    DOC has violated the Center's rights by unlawfully failing to conduct adequate searches reasonably calculated to locate all records responsive to the Center's July 3 and December 9, 2025 FOIA requests. *Id.*

120.    DOC has violated the Center's statutory rights by failing to provide the Center with estimated dates of completion for the Center's July 3 and December 9, 2025 FOIA requests. 5 U.S.C. § 552(a)(3)(B).

121.    DOC has violated the Center's statutory right to the prompt disclosure of the requested records, and there is no lawful basis for DOC's withholding of this information. 5 U.S.C. § 552(a)(3)(A).

122.    DOC's failure to make determinations on the Center's July 3 and December 9, 2025 FOIA requests, to conduct adequate searches in response to those requests, to provide

estimated date of completion for those requests, and disclose the requested information and records responsive to the Center's FOIA requests violates FOIA, 5 U.S.C. § 552(a)(3), and injures Plaintiff in the manner described herein.

## SECOND CLAIM FOR RELIEF

**Department of Interior: Violation of the Freedom of Information Act**

123.    Plaintiff re-alleges and incorporates by reference all allegations made in all preceding paragraphs.

124.    DOI has violated the Center's statutory right to lawful and timely determinations on the Center's July 3 and December 9, 2025 requests. 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i).

125.    DOI has violated the Center's statutory right by unlawfully failing to conduct adequate searches reasonably calculated to locate all records responsive to the Center's July 3 and December 9, 2025 FOIA requests. *Id.*

126.    DOI has violated the Center's statutory right by failing to provide the Center with an estimated date of completion for the Center's December 9, 2025 FOIA request. 5 U.S.C. § 552(a)(3)(B).

127.    DOI has violated the Center's statutory right to the prompt disclosure of the requested records, and there is no lawful basis for DOI's withholding of this information. 5 U.S.C. § 552(a)(3)(A).

128.    DOI's failure to make determinations on the Center's July 3 and December 9, 2025 FOIA requests, to conduct adequate searches in response to those requests, to provide an estimated date of completion for the December 9 request, and to disclose the requested information and records responsive to the Center's FOIA requests violates FOIA, 5 U.S.C. § 552(a)(3), and injures Plaintiff in the manner described herein.

## THIRD CLAIM FOR RELIEF

**National Oceanic & Atmospheric Administration: Violation of the Freedom of Information Act**

129.    Plaintiff re-alleges and incorporates by reference all allegations made in all preceding paragraphs.

130.    NOAA has violated the Center's statutory right to lawful and timely determinations on the Center's July 3 and December 9, 2025 requests. 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i).

131.    NOAA has violated the Center's statutory right by unlawfully failing to conduct adequate searches reasonably calculated to locate all records responsive to the Center's July 3 and December 9, 2025 FOIA requests. *Id.*

132.    NOAA has violated the Center's statutory right by failing to provide the Center with estimated dates of completion for the Center's July 3 and December 9, 2025 FOIA requests. 5 U.S.C. § 552(a)(3)(B).

133.    NOAA has violated the Center's statutory right to the prompt disclosure of the requested records, and there is no lawful basis for NOAA's withholding of this information. 5 U.S.C. § 552(a)(3)(A).

134.    NOAA's failure to make determinations on the Center's July 3 and December 9, 2025 FOIA requests, to conduct adequate searches in response to those requests, to provide estimated date of completion for those requests, and to disclose the requested information and records responsive to the Center's FOIA requests violates FOIA, 5 U.S.C. § 552(a)(3), and injures Plaintiff in the manner described herein.

## FOURTH CLAIM FOR RELIEF

### Fish & Wildlife Service: Violation of the Freedom of Information Act

135.    Plaintiff re-alleges and incorporates by reference all allegations made in all preceding paragraphs.

136.    FWS has violated the Center's statutory right to lawful and timely determinations on the Center's July 3 and December 9, 2025 requests. 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i).

137.    FWS has violated the Center's statutory right by unlawfully failing to conduct adequate searches reasonably calculated to locate all records responsive to the Center's July 3 and December 9, 2025 FOIA requests. *Id.*

138.    FWS has violated the Center's statutory right by failing to provide the Center with estimated dates of completion for the Center's July 3 and December 9, 2025 requests in violation of FOIA. 5 U.S.C. § 552(a)(3)(B).

139.    FWS has violated the Center's statutory right to the prompt disclosure of the requested records, and there is no lawful basis for FWS's withholding of this information. 5 U.S.C. § 552(a)(3)(A).

140.    FWS's failure to make determinations on the Center's July 3 and December 9, 2025 FOIA requests, to conduct adequate searches in response to those requests, to provide estimated dates of completion for those requests, and to disclose the requested information and records responsive to the Center's FOIA requests violates FOIA, 5 U.S.C. § 552(a)(3), and injures Plaintiff in the manner described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Declare that Defendants violated FOIA by failing to provide timely, lawful determinations and estimated dates of completion on Plaintiff's July 3 and December 9, 2025 FOIA requests, by failing to conduct adequate searches for responsive records, and by failing to disclose all responsive records promptly;

(2)     Order Defendants to provide determinations on Plaintiff's July 3 and December 9, 2025 FOIA requests;

(3)     Order Defendants to provide estimated date of completions on Plaintiff's July 3 and December 9, 2025, FOIA requests;

(4)     Order Defendants to conduct searches reasonably calculated to locate all records responsive to Plaintiff's July 3 and December 9, 2025 FOIA requests;

(5)     Order Defendants to produce, by a date certain, all nonexempt responsive records, any segregable portions of otherwise exempt records, and a *Vaughn* index of any records or portions of records withheld under any FOIA exemption;

(6)     Enjoin Defendants from withholding any nonexempt responsive records or segregable portions of responsive records;

(7)     Retain jurisdiction of this action to ensure that Defendants timely process Plaintiff's July 3 and December 9, 2025 FOIA requests and that no agency records or portions of records are improperly withheld;

(8)     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(9)     Grant such other and further relief as the Court may deem just and proper.

30

DATED: January 28, 2026                    Respectfully submitted,

                                           */s/ Ryan Adair Shannon*
                                           Ryan Adair Shannon
                                           (D.D.C. Bar. No. OR0007)
                                           Center for Biological Diversity
                                           P.O. Box 11374
                                           Portland, OR 97211
                                           Phone: (971) 717-6407
                                           rshannon@biologicaldiversity.org

                                           Shannon Eva Labuschagne
                                           (*PHV Motion Forthcoming*)
                                           Center for Biological Diversity
                                           2100 Franklin St., Ste 375
                                           Oakland, CA 94612
                                           Phone: (510) 493-2447
                                           slabuschagne@biologicaldiversity.org

                                           *Attorneys for Plaintiff*